**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**
**Grand Jury Sworn in on November 3, 2016**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No.** |
| | ) | |
| **v.** | ) | **GRAND JURY ORIGINAL** |
| | ) | |
| **SHEILA SCUTCHINGS,** | ) | **Violations:** |
| | ) | **18 U.S.C. § 371 (Conspiracy);** |
| **Defendant.** | ) | **18 U.S.C. § 641 (Theft of Public Money);** |
| | ) | **18 U.S.C. § 1028A(a)(1), (c)(1)** |
| | ) | **(Aggravated Identity Theft);** |
| | ) | **18 U.S.C. § 2 (Aiding and Abetting;** |
| | ) | **Causing an Act to be Done).** |
| | ) | |
| | ) | **Forfeiture Allegation:** |
| | ) | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C.** |
| | ) | **§ 853(p), and 28 U.S.C. § 2461(c).** |

## INDICTMENT

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendant SHEILA SCUTCHINGS resided within the District of Columbia.

2. A "means of identification" was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including, but not limited to, any name, Social Security number, and date of birth.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the United States.

4. The Earned Income Tax Credit ("EITC") was a refundable federal income tax credit for low- to moderate-income working individuals and families. When the EITC exceeded the amount of taxes owed, it resulted in a tax refund to those who claimed and qualified for the credit. The amount of an individual's EITC varied depending on, among other things, the individual's earned income and whether the individual had a qualifying dependent or dependents.

**COUNT ONE**
**(Conspiracy to Defraud the United States and Commit Theft of Public Money)**

5. The factual allegations contained in Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

6. From in or about January 2008 and continuing through at least in or about April 2012, the specific dates being unknown to the Grand Jury, within the District of Columbia and elsewhere, defendant SHEILA SCUTCHINGS and others, both known and unknown to the Grand Jury, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other to:

a. Defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes, in violation of Title 18, United States Code, Section 371.

b. Commit the offense of theft of public money, in violation of Title 18, United States Code, Section 641.

**MANNER AND MEANS**

7. To accomplish the object of this conspiracy, defendant SHEILA SCUTCHINGS used the following manners and means, among others:

a. Defendant SHEILA SCUTCHINGS, and others both known and unknown to the Grand Jury, would and did obtain and use the means of identification of individuals, including, but not limited to, their names and Social Security numbers, to file false and fraudulent federal income tax returns with the IRS and obtain tax refunds to which they were not entitled. For example, the tax returns falsely claimed, among other items, that the purported taxpayers operated a Schedule C business and had income sufficient to generate a tax refund based on the EITC. The tax returns also falsely claimed that the purported taxpayers had certain dependents, who were not, in fact, qualified dependents of the purported taxpayers, in order to qualify for a higher refund based on the EITC. The tax returns fraudulently claimed entitlement to tax refunds from the IRS.

b. Defendant SHEILA SCUTCHINGS, and others both known and unknown to the Grand Jury, would and did list their own residential addresses in the District of Columbia, as well as the residential addresses of other individuals from which they could and did collect mail, as the addresses of the purported taxpayers on the false tax returns discussed above, so that any tax refunds generated by those tax returns would be mailed to those addresses in the form of U.S. Treasury checks.

c. Defendant SHEILA SCUTCHINGS, and others both known and unknown to the Grand Jury, would and did fraudulently obtain U.S. Treasury checks, based on false federal income tax returns, that were delivered via the U.S. Mail to the aforementioned addresses.

d. Defendant SHEILA SCUTCHINGS, and others both known and unknown to the Grand Jury, would and did cause fraudulently obtained U.S. Treasury checks to be cashed and deposited into bank accounts controlled by defendant SHEILA SCUTCHINGS and others, both known and unknown to the Grand Jury.

e. Defendant SHEILA SCUTCHINGS, and others both known and unknown to the Grand Jury, would and did withdraw funds and cause funds to be withdrawn from the bank accounts into which fraudulently obtained U.S. Treasury checks were deposited.

**OVERT ACTS**

8. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by or caused to be committed by one or more members of the conspiracy, in the District of Columbia and elsewhere:

a. On or about July 26, 2010, defendant SHEILA SCUTCHINGS, and others both known and unknown to the Grand Jury, prepared, mailed, and filed with the IRS a false 2008 Form 1040, U.S. Individual Income Tax Return ("Form 1040"), with an attached false Schedule C-EZ, in the name of purported taxpayer Individual 1, using the name and Social Security number of Individual 1 and using a District of Columbia address not associated with Individual 1 as the purported taxpayer address. The Schedule C-EZ falsely reported that Individual 1 earned $11,470 in gross receipts as a babysitter. The Form 1040 also falsely reported that two individuals were Individual 1's dependents when, in fact, they were not. Based on the false gross receipts and fraudulently claimed dependents, the Form 1040 claimed entitlement to a refund.

b. On or about August 27, 2010, defendant SHEILA SCUTCHINGS transferred to Co-conspirator A a U.S. Treasury check in the amount of $3,549.44, which was an income tax

refund issued from the U.S. Treasury, made payable to Individual 1 and mailed to a District of Columbia address, based upon the false 2008 income tax return filed with the IRS in the name of purported taxpayer Individual 1.

c. On or about August 30, 2010, Co-conspirator A deposited and caused to be deposited in Co-conspirator A's bank account at Navy Federal Credit Union, a U.S. Treasury check in the amount of $3,549.44, which was an income tax refund issued from the U.S. Treasury, made payable to Individual 1 and mailed to a District of Columbia address, based upon the false 2008 income tax return filed with the IRS in the name of purported taxpayer Individual 1.

d. On or about December 12, 2011, in the District of Columbia, defendant SHEILA SCUTCHINGS deposited and caused to be deposited in her bank account at Bank of America, a U.S. Treasury check in the amount of $3,213.28, which was an income tax refund issued from the U.S. Treasury, made payable to a misspelled version of Individual 2's name and mailed to a District of Columbia address, based upon a false 2009 income tax return filed with the IRS using a misspelled version of the name of purported taxpayer Individual 2.

e. On or about December 16, 2011, Co-conspirator B transferred to defendant SHEILA SCUTCHINGS a U.S. Treasury check in the amount of $3,466.08, which was an income tax refund issued from the U.S. Treasury, made payable to Individual 3 and mailed to Co-conspirator B's District of Columbia address, based upon a false 2009 income tax return filed with the IRS in the name of purported taxpayer Individual 3.

f. On or about December 19, 2011, in the District of Columbia, defendant SHEILA SCUTCHINGS deposited and caused to be deposited in her bank account at Bank of America, a

U.S. Treasury check in the amount of $3,466.08, which was an income tax refund issued from the U.S. Treasury, made payable to Individual 3 and mailed to Co-conspirator B's District of Columbia address, based upon a false 2009 income tax return filed with the IRS in the name of purported taxpayer Individual 3.

g. On or about January 1, 2012, defendant SHEILA SCUTCHINGS, and others, both known and unknown to the Grand Jury, prepared, mailed, and filed with the IRS a false 2010 Form 1040, with an attached false Schedule C-EZ, in the name of purported taxpayer Individual 1, using the Social Security number of Individual 1, along with a misspelled version of Individual 1's name. The Form 1040 listed as the purported taxpayer address a District of Columbia address not associated with Individual 1. The Schedule C-EZ falsely reported that Individual 1 earned $13,980 in gross receipts as a babysitter. The Form 1040 also falsely reported certain individuals were Individual 1's dependents when, in fact, they were not. Based on the false gross receipts and fraudulently claimed dependents, the Form 1040 claimed entitlement to a refund.

h. On or about February 10, 2012, defendant SHEILA SCUTCHINGS deposited and caused to be deposited in her bank account at Bank of America, a U.S. Treasury check in the amount of $4,091, which was an income tax refund issued from the U.S. Treasury, made payable to Individual 1 and mailed to a District of Columbia address, based upon the false 2010 income tax return filed with the IRS in the name of purported taxpayer Individual 1.

(All in violation of Title 18, United States Code, Section 371)

**COUNT TWO**
**(Theft of Public Money)**

9. The factual allegations contained in Paragraphs 1 through 4 and 7 through 8 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

10. On or about February 10, 2012, within the District of Columbia and elsewhere, in a continuing course of conduct, defendant SHEILA SCUTCHINGS did steal, purloin, and knowingly and willfully convert to her own use and the use of another, and did receive and retain with intent to convert to her own use and gain, knowing it to have been stolen, purloined, and converted, money of the United States, namely funds administered by the Department of the Treasury in the form of a U.S. Treasury check in the amount of $4,091 and in the name of Individual 1, which was mailed to an address in the District of Columbia and deposited into defendant SHEILA SCUTCHINGS's bank account at Bank of America.

(All in violation of Title 18, United States Code, Sections 641 and 2)

**COUNT THREE**
**(Aggravated Identity Theft)**

11. The factual allegations contained in Paragraphs 1 through 4 and 7 through 8 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

12. On or about February 10, 2012, within the District of Columbia and elsewhere, defendant SHEILA SCUTCHINGS did knowingly transfer, possess, and use the means of identification of another person without lawful authority during and in relation to the offense in Count 2 of this Indictment, that is, she knowingly transferred, possessed, and used the name and Social Security number of an actual person known to the Grand Jury, Individual 1, to commit

theft of public money in violation of 18 U.S.C. § 641 by obtaining and depositing a U.S. Treasury check in the amount of $4,091.

(All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and 2)

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Counts One and/or Two, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above as being subject to forfeiture, pursuant to 21 U.S.C. § 853(p).

(Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

___________________________________

ROSEMARY E. PAGUNI
Chief, Northern Criminal Enforcement Section
U.S. Department of Justice, Tax Division