UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
UNITED STATES OF AMERICA                  )
                                          )
                v.                        )
                                          )          Criminal No. 17-0019 (PLF)
SHEILA SCUTCHINGS,                        )
                                          )
                Defendant.                )
_____ )

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Sheila Scutchings' Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). Emergency Motion to Reduce Sentence ("Def.'s Mot.") [Dkt. No. 58]. Ms. Scutchings contends that she is at a high risk of contracting the novel coronavirus ("COVID-19") and requests compassionate release pursuant to the First Step Act of 2018. Id. ¶ 8. The government opposes the motion, arguing that Ms. Scutchings has not demonstrated extraordinary and compelling circumstances warranting a sentence reduction. Government Surreply in Opposition to Defendant's Motion ("Gov't Surreply") [Dkt. No. 61] at 7-13. For the reasons that follow, the Court will deny Ms. Scutchings' motion without prejudice.[1]

---

[1] The Court has reviewed the following documents in connection with the pending motion: Indictment ("Indictment") [Dkt. No. 1]; Plea Agreement as to Sheila Scutchings ("Plea Agmt.") [Dkt. No. 37]; Statement of the Offense ("SOO") [Dkt. No. 38]; Judgment as to Sheila Scutchings ("Judgment") [Dkt. No. 52]; Def.'s Mot.; Government Response in Opposition to Defendant's Motion ("Gov't Resp.") [Dkt. No. 59]; Defendant's Reply to Government's Response ("Def.'s Reply") [Dkt. No. 60]; Gov't Surreply; Supplement to Defendant's Motion ("Def.'s Suppl.") [Dkt. No. 62]; Government's Supplemental Notice ("1st Gov't Notice") [Dkt. No. 63]; Notice to the Court ("Def.'s Notice") [Dkt. No. 64]; and Government's Second Supplemental Notice ("2d Gov't Notice") [Dkt. No. 65].

## I.  BACKGROUND

On December 4, 2018, defendant Sheila Scutchings pled guilty to one count of Conspiracy to Defraud the United States and Commit Theft of Public Money and one count of Aggravated Identity Theft.  See Judgment at 1.[2]  Over a period of approximately seven years, Ms. Scutchings, along with an extensive network of co-conspirators, acted to defraud the United States government by claiming over $42 million in fraudulent income tax refunds.  See SOO ¶¶2-3, 5-7.  During that time, Ms. Scutchings and her co-conspirators caused to be filed at least 12,000 fraudulent federal income tax returns with addresses located in the District of Columbia, Maryland, and Virginia.  Id. ¶ 5.  Victims of the sophisticated conspiracy included groups of particularly vulnerable individuals such as those who were elderly, incarcerated, deceased, living in assisted living facilities, and struggling with addiction.  Id. ¶ 6.

On April 25, 2019, Judge Rosemary Collyer sentenced Ms. Scutchings to 30 months of incarceration on Count One and 24 months of incarceration on Count Three, with the sentences to run consecutively – for a total of 54 months of incarceration.  See Judgment at 3. Ms. Scutchings began serving her sentence on August 1, 2019.  Def.'s Mot. ¶ 4.  As noted, she filed her motion for compassionate release on April 9, 2020.  Id. at 4.  She thereafter sought release to home confinement through the administrative process at the facility in which she is housed, as required by statute, see 18 U.S.C. § 3582(c)(1)(A); that request was denied by the

---

[2]      Ms. Scutchings' motion alleges that she pled guilty to Count One, Conspiracy to Defraud the Government and Commit Theft of Government Property, and Count Two, Theft of Public Money.  See Def.'s Mot. ¶ 2.  She in fact pled guilty to Count One, Conspiracy to Commit Theft of Public Money, and Count Three, Aggravated Identity Theft.  See Judgment at 1; see also Plea Agmt. at 1.

Bureau of Prisons ("BOP") on May 5, 2020.  See Def.'s Notice at 1; 2d Gov't Notice at 1.  She asks this Court to reduce her sentence to time served.  Def.'s Mot. at 1.

Ms. Scutchings, now 55 years old, has served approximately ten months of her 54-month sentence at Federal Medical Center ("FMC") Carswell and is projected to be released on March 31, 2023.  Def.'s Mot. ¶¶ 3-5.  She suffers from "hypertension, diabetes, arthritis, diverticulitis, chronic gastric esophageal reflux disease, hyperlipidemia," Id. ¶ 7, and "is severely obese," Gov't Surreply at 9.  FMC Carswell has reported two positive cases of the virus, one of which resulted in death.  Gov't Surreply at 12; Def.'s Suppl. at 1.  Ms. Scutchings now moves this Court pursuant to 18 U.S.C § 3582(c)(1)(A) for a reduction of her sentence to time served.

## II.  LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions."  Freeman v. United States, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted).  One such exception is codified as 18 U.S.C. § 3582(c)(1)(A).  As modified by the First Step Act in 2018, Section 3582(c)(1)(A) allows courts to modify a sentence upon motion by a defendant once she has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request."  18 U.S.C. § 3582(c)(1)(A).  As stated, Ms. Scutchings' administrative request to the BOP was denied; she therefore has exhausted her administrative remedies.

Once the exhaustion requirement has been met, a defendant must show that "extraordinary and compelling reasons warrant such a reduction," and that a sentence reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."  18

U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has stated that "extraordinary and compelling reasons" exist where the defendant is "suffering from a serious physical or mental condition" or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I, III).  Health conditions that limit one's ability to practice self-care in a detention facility include those that "compromise a defendant's ability . . . to provide for his own activities of daily living, such as eating and drinking, toileting, washing and dressing, and mobilization."  United States v. Morris, Criminal No. 12-154, 2020 U.S. Dist. LEXIS 91040, at *19 (D.D.C. May 24, 2020).  The Sentencing Commission has acknowledged, however, that there may be "[o]ther [r]easons" presenting "an extraordinary and compelling reason other than, or in combination with, the reasons described" elsewhere in the commentary.  United States v. Morris, 2020 U.S. Dist. LEXIS 91040 at *20 (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).  To that end, the COVID-19 pandemic falls under such an "other reason" that may present an "extraordinary and compelling reason" for a sentence reduction.  United States v. Morris, 2020 U.S. Dist. LEXIS 91040 at *20.

The statute and the policy statement further instruct the Court to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  U.S.S.G. § 1B1.13; see also 18 U.S.C. § 3582(c)(1)(A).  The Court must consider these factors "with an eye toward whether it is necessary to maintain the prior term of imprisonment despite the extraordinary and compelling reasons to modify the defendant's sentence."  United States v. Johnson, Criminal No. 15-125, 2020 U.S. Dist. LEXIS 86309, at *13 (D.D.C. May 16, 2020).

### III.  DISCUSSION

The government now has conceded that under current Department of Justice guidance, defendant's medical conditions, diabetes, and severe obesity "<u>could</u> qualify as extraordinary and compelling reasons allowing for compassionate release" under the statute and the Sentencing Guidelines policy statement.  2d Gov't Notice at 2 (emphasis in original).  It continues to argue, however, that "because Defendant has failed to show that she is at greater risk from COVID-19 while incarcerated than she would be if released . . . her medical conditions do not constitute extraordinary and compelling reasons justifying early release in this case."  <u>Id</u>. The Court agrees that a reduction of Ms. Scutchings' sentence to time served – or to home confinement – is not appropriate at this time.  While the effects of COVID-19 are unprecedented and remain largely unknown, Ms. Scutchings' individual circumstances do not warrant a sentence reduction because (1) she has not demonstrated "extraordinary and compelling" circumstances warranting a sentence reduction, and (2) her release would be inconsistent with the sentencing factors set out in Section 3553(a).

The Court acknowledges the seriousness of Ms. Scutchings' illnesses.  According to the CDC, diabetes and obesity place her at a higher risk for contracting COVID-19.  <u>See</u> <u>Groups at Higher Risk for Severe Illness</u>, CENTER FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Remaining quarantined plays an essential role in managing Ms. Scutchings' health in light of COVID-19.  Nevertheless, her isolation from other prisoners and the limited number of COVID-19 cases identified at FMC Carswell – a medical facility – suggest that she would be at no greater risk of contracting the virus if she remained in the medical facility than if she were to be released to home confinement.  <u>See</u> Gov't Surreply at 12-13.  At 55 years old, Ms. Scutchings

is not at a higher risk of contracting the virus due to her age.  In addition, Ms. Scutchings' other health conditions, though serious, do not place her at a higher risk for COVID-19 and do not diminish her ability to provide self-care within the medical facility.

Furthermore, in the Court's view, reducing Ms. Scutchings' sentence would also be inconsistent with the factors set forth in 18 U.S.C § 3553(a).  Her crimes are serious and the thousands of people she has hurt are among the most vulnerable in society.  Judge Collyer imposed the original 54-month sentence to reflect the seriousness of Ms. Scutchings' crimes, as illustrated by her emphasis on the continuous and repeated nature of the offense, the number of people harmed, and the amount of money stolen.  It is important that Ms. Scutchings serve enough of her sentence to ensure that she fully appreciates the gravity of her crimes.  Because Ms. Scutchings has served only ten months of her 54-month sentence at FMC Carswell – less than 20 percent of her original sentence – the need "to reflect the seriousness of the offense" outweighs any health concerns in light of COVID-19.  See 18 U.S.C § 3553(a)(2).

Having found Ms. Scutchings' request for a sentence reduction to be inconsistent with the sentencing factors identified in Section 3553(a) and lacking the requisite extraordinary and compelling character, the Court will deny Ms. Scutchings' motion for compassionate release.  For the foregoing reasons, it is hereby

ORDERED that Defendant's Emergency Motion to Reduce Sentence [Dkt.

No. 58] is DENIED without prejudice.

SO ORDERED.

_____
/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: June 19, 2020